13 OCT 15 PM 1:32

[CLERK U.S. DISTRICT COURT / SOUTHERN DISTRICT OF CALIFORNIA]

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MURILLO, CDCR #P-43503,<br><br>                                 Plaintiff,<br><br>vs.<br><br>RUCKER; OWENS; CEDANO; DANIEL PARAMO; HERNANDEZ; R. COBB; D. FOSTON; J. ELIAS; C. HAMILTON; D. STRAYHORN; L. ROMERO; PICKETT; DAVIS; T. GOFF; T. TAYLOR; REED; E. SOLIS; IVES; R. DAVIS; DENTAL DEP'T; CDCR DENTAL DEP'T,<br><br>                                 Defendants. | Case No.   3:12-cv-2642 WQH (WVG)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FOR SEVERANCE OF PARTIES AND CLAIMS PURSUANT TO FED.R.CIV.P. 8, 18, 20, 21;**<br><br>**(2) SUA SPONTE DISMISSING CLAIMS AND DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A; AND**<br><br>**(3) ISSUING OSC FOR FAILING TO PROSECUTE PURSUANT TO FED.R.CIV.P. 41(b)**<br><br>(ECF No. 36) |

Ramon Murillo ("Plaintiff"), currently incarcerated at Mule Creek State Prison located in Ione, California, is proceeding in pro se and *in forma pauperis* ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.

## I. Procedural History

On October 31, 2012, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On January 29, 2013, this Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") and directed the United States Marshal's Service to effect service of the Complaint on the named Defendants. (ECF No. 7.) On May 30, 2013, Defendants filed a "Motion to Dismiss and for Severance of Parties and Claims" pursuant to FED.R.CIV.P. 8, 18, 20, 21, 41(b). (ECF No. 36.) Plaintiff filed an Opposition, to which Defendants filed a Reply. (ECF Nos. 39, 41.) Subsequently, Plaintiff sought permission to file a Sur-Reply which was granted by the Court and Plaintiff filed his Sur-Reply on August 30, 2013. (ECF No. 45.)

The Court has determined that Defendants' Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge William V. Gallo is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II. Factual Allegations[1]

In 2011, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD"). (*See* Compl. at 9.) On December 31, 2011, Plaintiff claims that he was "slam[ed] on the ground" by Defendant Rucker, with assistance by Defendant Owens and "dragged" across the dayroom floor. (*Id.*) Plaintiff contends that after he was "forced" into a cell, Defendant Rucker "started beating up" Plaintiff by "punching" and "kicking" Plaintiff in the face while Defendant Owens watched. (*Id.*) Plaintiff alleges that Defendant Owens encouraged Defendant Rucker's behavior and began to participate by "kicking the Plaintiff several times." (*Id.* at 12.) Plaintiff alleges Defendants Rucker and Owens "threatened Plaintiff if he reported the beating he would regret it." (*Id.*) Defendants Rucker and Owens "closed the cell door" and allegedly failed to provide Plaintiff with medical treatment. (*Id.*)

Plaintiff claims that he "cut his arm" approximately twenty minutes later so he could call for medical attention and report the incident. (*Id.*) Plaintiff was interviewed by Captain Stout and Lieutenant Salas regarding the incident at the RJD "crisis bed." (*Id.*) On January 9, 2012, while still housed in the "crisis bed," Plaintiff claims that a "nurse and Defendant Cedano"

---

[1] The allegations are those that are set forth in Plaintiff's Complaint.

verbally assaulted him. (*Id.* at 13.) Plaintiff claims Defendant Cedano entered his cell door and pushed Plaintiff "violently" that caused Plaintiff to fall to the floor and "hit his head on the wall made of concrete." (*Id.*) Plaintiff contends Defendant Cedano "jumped on Plaintiff," choked him and ultimately "covered up" the use of force by claiming that he pinned Plaintiff down to give him a hormone shot. (*Id.*)

Three days later, Plaintiff reported the incident to his psychologist and psychiatrist, who in turn reported the incident to Captain Stout. (*Id.*) Captain Stout ordered that a video interview of Plaintiff be conducted by Lieutenant Franco. (*Id.*) On January 10, 2012, Plaintiff was released from the crisis bed and returned to "EOP Building." (*Id.*) Plaintiff alleges that the actions by Defendant Cedano were in retaliation for Plaintiff reporting the incident with Defendant Rucker. (*Id.*).

Plaintiff alleges that his attempts to file complaints and grievances relating to these actions were thwarted by the actions of Defendants Paramo, Hernandez, Cobb and Foston. (*Id.* at 14.) As a result, Plaintiff alleges he was subjected to "more retaliation, harassment, sexual harassment and beatings." (*Id.*) Plaintiff further claims that despite the knowledge of these Defendants regarding the allegations that Plaintiff was "sexually assaulted by CDCR staff, beaten by staff, receiving retaliation, that his property was being taken and he was not receiving his medical appliance," they choose "not to act." (*Id.*)

Plaintiff claims Defendant Taylor and Solis retaliated against him by denying his medical appliances and property while he was in Administrative Segregation ("Ad-Seg") for more than five months. (*Id.* at 15.) In addition, Plaintiff alleges Defendants Strayhorn and Romero called Plaintiff a "faggot" in from of other inmates, searched his cell and took his property in retaliation for Plaintiff filing reports against them with Captain Franco, Sergeant Strickland, Sergeant Ashberry, Sergeant E. Garcia and Captain Reed. (*Id.*) Plaintiff claims that he continued to have his cell searched on a daily basis in retaliation for reporting Defendants. (*Id.* at 16.)

On April 17, 2012, Plaintiff claims that Defendants Elias, Ives and Davis called Plaintiff, a transgender inmate, a "man with a dick and tits" and a "queer." (*Id.*) Plaintiff claims that Defendants Elias and Davis then went to search Plaintiff's cell and confiscate his property,

including his legal work. (*Id.* at 16-17.) Plaintiff claims Defendant Davis read a personal letter belonging to Plaintiff to staff and inmates, then proceeded to call him a "faggot" while Defendant Ives confiscated Plaintiff's deodorant and told him "now [Plaintiff] could smell like a flaming queer." (*Id.* at 17.)

When Plaintiff requested the return of his property, he was told by Defendant Elias to "prove it" and "you could 602 bitch." (*Id.*) Plaintiff alleges Defendant Davis then told Plaintiff "I'm going to get you killed Murillo." (*Id.*) Plaintiff filed a staff complaint against Defendant Elias on April 5, 2012 and was assisting other inmates in filing grievances against Defendants Ives and Elias, which he claims resulted in further retaliation by Defendants Elias, Davis and Ives. (*Id.*) Plaintiff alleges that Defendants Elias, Davis and Ives threatened Plaintiff that if he "continued to file staff complaints and help others, he would be sorry." (*Id.*)

On July 26 and 27, 2011, Plaintiff alleges that Defendant Pickett and Davis violated his Eighth Amendment rights when they "forced Plaintiff to take an x-ray and exposing him to radiation without protection." (*Id.* at 18.) Plaintiff claims they subjected him to "unwanted, unauthorized and offensive touching" when he was "pinned down" on the x-ray table. (*Id.*)

Plaintiff claims Defendant Hamilton also called Plaintiff a "faggot" in front of other inmates and threatened to "stick the baton into Plaintiff." (*Id.* at 19.) He further alleges that Defendant Hamilton informed other inmates of Plaintiff's criminal history in an attempt to have other inmates "beat up" Plaintiff. (*Id.*) Defendant Hamilton is alleged to have told Plaintiff to "stay away" and "stop flirting" with inmate Rodriguez because this inmate "belonged" to Defendant Hamilton. (*Id.*) Plaintiff reported these threats to Defendant Goff, Sergeant Ashberry, Sergeant Strickland and Defendant Reed. (*Id.* at 20.) Plaintiff claims Defendant Goff and Reed "failed to protect Plaintiff from the reported sexual harassment and from sexual misconduct from staff." (*Id.*) Plaintiff claims Defendant Goff failed to investigate the issue and Defendants Reed and Goff threatened to put Plaintiff in Ad-Seg if he "continued to report the conduct" as retaliation. (*Id.* at 21.)

### III. Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 8 and S.D. CIVLR 8.2

Defendants contend that Plaintiff's Complaint violates FED.R.CIV.P. 8 and the Court's

Local Rules. (*See* Defs.' Memo of Ps & As, ECF No. 36-1, at 9-10.) Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2).

Defendants argue that Plaintiff's Complaint consists of a "long, rambling narrative" and contains "(often confusing) allegations." (ECF No. 36-1 at 10.) The Court has conducted the required sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and found that Plaintiff's allegations survived the screening process. (ECF No. 7 at 4.) The Court does not find that Plaintiff's factual allegations found in the first 20 pages of his Complaint are impermissibly "rambling" or "confusing." While the Court has conducted further review of some of the claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and will set forth below claims that are dismissed for failing to state a claim, these claims are not dismissed for violating Rule 8. While Plaintiff did include unnecessary case law analysis pertaining to each factual allegation in what he terms as his "Memorandum to Civil Rights Complaint under § 1983," this did not undermine or burden the Court's efforts when reviewing the Complaint.

In addition, Defendants argue that Plaintiff violated the Court's local rules by filing excess pages to his Complaint in violation of S.D. CIVLR 8.2. Local Rule 8.2 which provides, in part, that prisoners must use the Court's form complaints and any additional pages are "not to exceed fifteen (15) in number." S.D. CIVLR 8.2(a). As the Local Rule further states "[c]omplaints tendered to the clerk for filing which do not comply with this rule *may* be returned by the clerk, together with a copy of this rule, to the person tendering said complaint." *Id.* (emphasis added). Here, the Court declined to return Plaintiff's Complaint and accepted the Complaint for filing.

Defendants' Motion to Dismiss Plaintiff's Complaint for failing to comply with Rule 8 and Local Rule 8.2 is **DENIED**.

**IV.   Defendants' Motion to Sever Claims pursuant to FED.R.CIV.P. 18 and 20**

Defendants move to dismiss or sever Plaintiff's claims pursuant to FED.R.CIV.P. 18(a) and 20(a). Rule 18(a) states that a party "asserting a claim . . . may join, as independent or

alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20(a)(2) states that different defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Defendants argue that Plaintiff's Complaint is a "kitchen sink lawsuit" that raises "numerous claims against numerous Defendants arising out of many different transactions or occurrences over an undefined period of time." (ECF No. 36-1 at 11.) The Court does not find that there is an "undefined period of time" in Plaintiff's Complaint. Plaintiff adequately sets forth the date on which he claims his constitutional claims arose and it appears that the majority of Plaintiff's claims occurred during a period from mid 2011 to early 2012 while he was incarcerated at RJD. (*See* Compl. at 12-21.) In addition, there are numerous claims that Plaintiff was harassed and retaliated against by a majority of the named Defendants for being a transgender inmate, as well as for filing complaints against some of the named Defendants. Based on the above, the Court finds that Plaintiff's claims "arise out of a systematic pattern of events." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (1997).

Therefore, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's claims or sever any of the claims pursuant to FED.R.CIV.P. 18(a) and 20(a).

## V. Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) & 1915A

In addition, upon further review of Plaintiff's Complaint, the Court finds that sua sponte dismissal of some claims is required under 28 U.S.C. § 1915(e)(2) and § 1915A(b).

The Prison Litigation Reform Act (PLRA) significantly amended the *in forma pauperis* provisions of 28 U.S.C. § 1915 to obligate the Court to review, sua sponte, any complaint filed by filed by a prisoner who is "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," and which "seeks redress from a

governmental entity or officer or employee of a governmental entity," "as soon as practicable after docketing." 28 U.S.C. § 1915A(b). Section 1915(e)(2) similarly requires the Court to sua sponte dismiss any case brought *in forma pauperis* "at any time" it finds the complaint is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A. Claims against RJD Dental Department

In his Opposition, Plaintiff concedes that the claims against the RJD dental department have "nothing in common" with any of the claims or Defendants in the remainder of the action. (Pl.'s Opp'n, ECF No. 39, at 9.) Plaintiff seeks a request to "amend this claim out of this complaint without prejudice." (*Id.*) The Court construes this as a voluntary dismissal pursuant to FED.R.CIV.P. 41(a)(2) and will instruct the Clerk of Court to terminate Defendants "Dental Dept" and "CDCR Dental Department" from this action. This dismissal is without prejudice to Plaintiff refiling these claims in a separate action.

### B. Claims against Davis and Pickett

In his Complaint, Plaintiff seeks to hold Defendants Davis and Pickett liable for allegedly violating Plaintiff's Eighth and Fourteenth Amendment rights when they forced him to have an

x-ray. (*See* Compl. at 18.) "Where an amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior,' it is that Amendment, that 'must be the guide for analyzing the complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). A review of the Complaint indicates that Plaintiff uses the same set of facts to support both his Eighth and Fourteenth Amendment claims, therefore, the Court finds that these claims are more properly analyzed under the Eighth Amendment.

The "core judicial inquiry," when a prisoner alleges the excessive us of force under the Eighth Amendment, is "not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 1, 7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 319-21 (1986). "When prison officials maliciously and sadistically use force to cause harm," the Supreme Court has recognized that "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. Thus, "[i]n determining whether the use of force was wanton and unnecessary," the court must "evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7 (internal quotation marks and citations omitted).

In *Hudson*, the Supreme Court set forth five factors to be considered in determining whether the use of force was in good faith or with malicious and sadistic intent: (1) the threat the officials reasonably perceived; (2) the need for the use of force; (3) the efforts made to minimize the force used; (4) the relationship between the need for using force and the amount of force used; and (5) the degree of injury inflicted. *Id.*

Here, Plaintiff alleges that he was handcuffed and forced to take an x-ray. (*See* Compl. at 18.) However, any physical application of force against a person in custody, whether it be through brute strength, chemical or other weaponry, or mechanical restraint, may not be

excessive. *See Whitley*, 475 U.S. at 312. "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).

Based on the allegations in Plaintiff's Complaint, the Court finds that there are insufficient factual allegations to find that Defendants Davis and Pickett acted maliciously and sadistically for the very purpose of causing harm. Therefore, the claims against Defendants Davis[2] and Picket are dismissed for failing to state a claim upon which relief could be granted.

### VI. Order to Show Cause why Defendant Hamilton should not be dismissed

A review of the Court's docket indicates that Plaintiff has failed to properly serve Defendant Hamilton. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service, the court's sua sponte dismissal of those unserved defendants is appropriate under FED.R.CIV.P. 4(m)).

Accordingly, this Court ORDERS Plaintiff to show cause *no later than thirty days (30) after this Order is filed*, why the claims against Defendant Hamilton should not be dismissed for want of prosecution pursuant to FED.R.CIV.P. 4(m). If Plaintiff wishes to proceed with his claims against Defendant Hamilton he must provide the Court with proof of proper service within **thirty (30)** days from the date this Order is filed Otherwise, Defendant Hamilton will be dismissed from this action without prejudice.

### VII. Conclusion and Order

Based on the foregoing, the Court hereby:

1) **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 8 and S.D. CIVLR 8.2;

2) **DENIES** Defendants' Motion to Sever Claims pursuant to FED.R.CIV.P. 18 and 20;

---

[2] While Defendant Davis, IGI Officer Badge No. 65301 is dismissed from this action, R. Davis, Correctional Officer Badge No. 75833 remains a Defendant in this matter.

3) **DISMISSES** Defendants Dental Dept and CDCR Dental Department, without prejudice, pursuant to FED.R.CIV.P. 41(a)(2);

4) Sua sponte **DISMISSES** all claims against Defendants Davis and Picket for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A;

5) Issues an **ORDER TO SHOW CAUSE** no later than **thirty (30)** days from the date this Order is filed why the claims against Defendant Hamilton should not be dismissed for want of prosecution pursuant to FED.R.CIV.P. 4(m). If Plaintiff fails to provide the Court with documentation demonstrating proper service on Defendant Hamilton within **thirty (30)** days from the date this Order is filed, the claims against Defendant Hamilton in this action will be dismissed without prejudice.

**IT IS FURTHER ORDERED that:**

All remaining Defendants shall serve and file an Answer to Plaintiff's Complaint within the time prescribed by FED.R.CIV.P. 12(a)(4)(B).

**IT IS SO ORDERED.**

DATED: 10/15/13

HON. WILLIAM Q. HAYES
United States District Judge